## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KAREN A. SPRANGER,

       Plaintiff,                           Case No. 2:18-cv-10005
                                            Hon. George Caram Steeh

       **vs**                                Mag Judge David R. Grand

COUNTY OF MACOMB,

       Defendant.

_____/

| | |
|---|---|
| Karen A. Spranger, pro per | John A. Schapka (P-36731) |
| 40 N. Main Street, 1st Floor | Attorney for County of Macomb |
| Mt. Clemens, MI 48043 | Macomb County Corporation Counsel |
| (586) 469-5120 | One S. Main Street, 8th Floor |
| karen.spranger@macombgov.org | Mt. Clemens, MI 48043 |
| | (586) 469-6346 |
| | john.schapka@macombgov.org |

_____/

## DEFENDANT COUNTY OF MACOMB'S REPLY TO PLAINTIFF'S MOTION TO RECUSE DISTRICT JUDGE

In accordance with LR 7.1, Defendant County of Macomb hereby responds to Plaintiff's February 20, 2018, Motion to Recuse District Judge George Caram Steeh. Doc #9. In support of its position, the County offers the following:

1.     On January 20, 2018, Plaintiff filed the instant civil matter with the United States District Court for the Eastern District of Michigan. Plaintiff therein seeks equitable relief in the form of an order. Doc #1.

2.     Plaintiff's Complaint names the County of Macomb as the sole defending

party and alleges a host of non-parties conspired with the County to unlawfully control the Macomb County Clerk's Office and thereby deprive her of a variety of unidentified rights.

3.     Plaintiff's complaint seeks "Declaratory Injunctive Relief" in the form of an order (a) dismissing currently pending state court actions and dissolving orders issued therein, (b) ordering a host of non-party individuals to cease conspiring with the County's interference with the County Clerk's Office, and (c) ordering a group of temporary employees back to work with back pay; Plaintiff further seeks money damages in the sum of $100,000.00.

4.     On January 8, 2018, the County filed a Rule 12(b)(1) and (6) motion to dismiss in lieu of answering Plaintiff's complaint: Plaintiff responded and the Court set the matter for hearing on Tuesday, February 27, 2018.

5.     On February 20, 2018, Plaintiff filed the instant motion seeking recusal of the assigned District Judge.

6.     Plaintiff cites 28 USC 455(a) as the basis for her request; Plaintiff's reliance thereon is misplaced.

7.     Plaintiff's motion offers no factual or legal basis for such recusal under 28 USC 455(a).

8.     Plaintiff's motion for recusal constitutes a transparent and bad faith delay tactic employed to forestall the Court's hearing on Defendant County's Rule

12 motion to dismiss.

Predicated upon the Facts presented and authorities cited herein, Defendant County of Macomb respectfully requests the Court deny Plaintiff's motion in its entirety, with prejudice, and with an award of costs and reasonable attorney fees as such is occasioned by the need to draft this response and appear before the court to argue the matter.

Respectfully submitted,

/s/ John A. Schapka
John A. Schapka (P-36731)
One S. Main Street, 8th Floor
Mt. Clemens, MI  48043
(586) 469-6346
Dated:  23 February 2018          john.schapka@macombgov.org

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN A. SPRANGER,

      Plaintiff,                         Case No. 2:18-cv-10005
                                          Hon. George Caram Steeh
      **vs**                             Mag Judge David R. Grand

COUNTY OF MACOMB,

      Defendant.

_____/

| | |
|---|---|
| Karen A. Spranger, pro per | John A. Schapka (P-36731) |
| 40 N. Main Street, 1st Floor | Attorney for County of Macomb |
| Mt. Clemens, MI 48043 | Macomb County Corporation Counsel |
| (586) 469-5120 | One S. Main Street, 8th Floor |
| karen.spranger@macombgov.org | Mt. Clemens, MI 48043 |
| | (586) 469-6346 |
| | john.schapka@macombgov.org |

_____/

**DEFENDANT COUNTY OF MACOMB'S BREIF IN SUPPORT
OF ITS REPLY TO PLAINTIFF'S MOTION TO RECUSE DISTRICT
JUDGE**

This civil action in which Plaintiff seeks "Declaratory Injunctive Relief" in the form of an order (a) dismissing currently pending state court actions and dissolving orders issued therein, (b) ordering a host of non-party individuals to cease conspiring with the County to interfere with the County Clerk's Office, and (c) ordering a group of temporary employees back to work with back pay; Plaintiff further seeks money damages in the sum of $100,000.00.

On January 8, 2018, The County filed a Rule 12(b)(1) and (6) motion to

4

dismiss in lieu of answering Plaintiff's complaint: Plaintiff responded and the Court set the matter for hearing on Tuesday, February 27, 2018.

On February 20, 2018, Plaintiff filed the instant motion seeking recusal of the assigned District Judge. She cites 28 USC 455(a) as the basis for her request. Plaintiff, however, offers no factual or legal basis for such recusal.

### a.  Statement of Issues Presented

> Controlling authorities provide a District Judge must be disqualified from presiding over a matter whether his or her impartiality may reasonably be questioned based on extra-judicial matters, or where he or she has a personal bias or prejudice against a party, or personal knowledge of the matter gleaned from extra-judical sources. Plaintiff fails to present any evidence of partiality, bias or prejudice, or personal knowledge attributable to the District Judge. Is recusal, therefore, required in the instant matter?

### b. The Law of Disqualification
### Under 28 U.S.C. §§ 455(a)

28 USC §§ 455(a) and (b)(1) requires, respectively, that a judge disqualify himself if his "impartiality might reasonably be questioned," or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The statute imposes an objective standard. *United States v. Adams*, 722 F3d 788, 837 (6th Cir 2013)(citation omitted); *see also*, *United States v Dandy*, 998 F2d 1344, 1349 (6th Cir 1993); *Reed v Rhodes*, 179 F3d 453, 467 (6th Cir1999). Accordingly, "the judge need not recuse himself based on the 'subjective view of a party' no matter how

strongly that view is held." *United States v Sammons*, 918 F2d 592, 599 (6th Cir1990) (*quoting Browning v Foltz*, 837 F2d 276, 279 (6th Cir 1988), *cert denied*, 488 US 1018 (1989)).

Disqualification under § 455 must be predicated "upon extrajudicial conduct rather than on judicial conduct," *United States v. Story,* 716 F2d 1088, 1091 (6th Cir 1983)(quoting *City of Cleveland v Krupansky,* 619 F2d 576, 578 (6th Cir), *cert denied,* 449 US 834 (1980)), and upon "a personal bias 'as distinguished from judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" *Id,* at 1090 (quoting *Oliver v Michigan State Board of Education,* 508 F2d 178, 180 (6th Cir 1974), *cert denied,* 421 US 963 (1975)).

Furthermore, "a judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise. The burden is not on the judge to prove that he is impartial." *Scott v. Metropolitan Health Corp*., 234 F. App'x 341, 352 (6th Cir 2007) (internal quotation marks and citations omitted); *Hughes v United States*, 899 F2d 1495, 1501 (6th Cir 1990).

A recusal motion brought pursuant to Section 455(a) is a matter committed to the sound discretion of the district judge whose impartiality is questioned. *Green v. Nevers,* 111 F3d 1295, 1303-04 (6th Cir 1997); s*ee also, Parker v Sill,* 989 F2d 500, at *2 (6th Cir 1993) (Table Decision) (rejecting contention that a district judge faced with disqualification may not proceed until another judge has

ruled on the motion, finding that a judge must proceed no further only if the affidavit is 'timely and sufficient').

In *Buell v Mitchell*, 274 F3d 337, 345 (6th Cir 2001), a death sentence habeas petitioner challenged, *inter alia*, the constitutionality of the Ohio death penalty statute. The petitioner sought the recusal of the presiding United States District Judge who sponsored a bill restoring Ohio's death penalty when he sat as a member of the state senate prior to taking the bench.   The prisoner further predicated his challenge on the Judge's professed support for the death penalty when campaigning for Lieutenant Governor of Ohio. *Id.* at 345.  The Sixth Circuit noted that Section 455(a) requires a "fact-specific analysis of the judge's prior activity," and found no support for recusal:

> Judge Matia's sponsorship of legislation reinstating the death penalty in Ohio and opinions in favor of the death penalty while campaigning for public office are not sufficient to demonstrate that his 'impartiality might reasonably be questioned' in a particular case, any more than support for civil rights laws as a legislator would disqualify a judge from hearing all discrimination cases.

*Id*, at 347.

The 6th Circuit has also consistently held that a judge need not recuse himself on the basis of prior contact with a party or a witness, as long as he or she does not have a familial, financial, or similarly close relationship with the party or witness, and as long as he or she has not received out-of-court information about

7

the case at hand. *Johnson v Mitchell*, 585 F3d 923 (6th Cir 2009). *Ragozzine v Youngstown State University*, 783 F3d 1077 (6th Cir 2015) illustrates this point well.

In *Ragozzine*, an employment discrimination suit by a male university professor who was denied tenure at a public university, plaintiff Ragozzine filed a 28 USC 455 recusal motion on the basis that the presiding judge was engaged in a dating relationship with a professor in a different department of the university. The 6th Circuit determined Ragozzine's motion was properly denied because the judge's impartiality could not reasonably be questioned; the judge's relationship with a tenured member of the university faculty, without more, would not necessarily cause a reasonable person to question the judge's impartiality regarding all matters involving the university, and there was no evidence that the professor dating the judge was involved in the tenure review or had any interest in the outcome of the lawsuit.

### c. Application and Argument

In the instant matter, Plaintiff fails her burden to present a fact-specific basis concerning extra-judicial conduct demonstrating a personal bias arising out of the presiding District Judge's background and association.

Instead, Plaintiff relies on cryptic reference to a civil action now pending before the United States District Court for the Western District of Missouri,[1] *Raimondo v Hood, et al*, 17-cv-04254.  In this regard, Plaintiff contends that "(a) review of the lawsuit provides detailed insight into the past practices of the Democratic Party actors related to Macomb County."   Doc #9, Pg ID 72, ¶ 5.  Rather than providing detailed insight, a review of the Raimondo amended complaint reflects that (1) it is no more than a jarringly racial and political rant regarding a criminal investigation which occurred twenty years ago, (2) it offers no particularized factually predicated allegations implicating Judge Steeh beyond conclusory hyperbole that he understands Macomb County politics, and (3) it demonstrates no understanding whatsoever of the Rule 8 pleading standards, see, *Ashcroft v Iqbal*, 556 US 663 (2009); *Bell Atlantic Corp*, 550 544 (2007), or the doctrine of absolute judicial immunity, see, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994); *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Plaintiff thereafter predicates her request for recusal on nothing more substantial than her belief that "Judge George Caram Steeh has long term deep ties to the Macomb County Democratic Party and County of Macomb government."  Doc #9, Pg ID 74, ¶14.  Such subjective misgivings fail to satisfy Plaintiff's burden

---

[1]  Yes, Missouri.

of proof since, as in *Ragozzine*, the District Judge's impartiality cannot not be reasonably questioned on the basis of mere association with others, even assuming *arguendo* that such an association does, in fact, exist and since recusal is not warranted where a challenge to the District Judge's impartiality is based on no more than the 'subjective view of a party' no matter how strongly that view is held." *United States v Sammons*, supra at 599.

Lastly, Plaintiff makes no claim the District Judge bears personal biased or prejudice against her, or that he has personal knowledge of disputed evidentiary facts concerning the matters presented in her complaint. As consequence she further fails to meet her burden on these grounds.

## Conclusion

Predicated upon the facts presented, the authorities cited, and the arguments advanced above, Defendant County of Macomb hereby respectfully requests the Court deny Plaintiff's motion to recuse the District Court Judge, in its entirety, with prejudice, and with costs as such are occasioned by the need to address Plaintiff's bad faith dilatory tactics.

Respectfully submitted,

/s/ John A. Schapka
John A. Schapka (P-36731)
One S. Main Street, 8th Floor
Mt. Clemens, MI 48043
(586) 469-6346
Dated: 23 February 2018          john.schapka@macombgov.org

10

I hereby certify that on 23 February 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF filing system which will forward notification of such filing to the following:  all counsel and parties of record.

/s/John A. Schapka

John A. Schapka (P-36731)