UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Karen A. Spranger,**

    Plaintiff,

    **vs**

**County of Macomb,**

    Defendants.

_____/

Karen A. Spranger, pro per
7520 Hudson
Warren, Michigan, 48091
(586) 322-2841
karenaspranger@gmail.com

Case No**.**   2:18-cv-10005
Hon. George Caram Steeh
Mag Judge David R. Grand

John A. Schapka (P-36731)
Attorney for Macomb County
Macomb County Corporation Counsel
One South Main Street, 8th Floor
Mount Clemens, Michigan  48043
(586) 469-6346
john.schapka@macombgov.org

_____/

**DEFENDANT COUNTY OF MACOMB'S RESPONSE TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT, DOCKET #16**

In accordance with LR 7.1, Defendant County of Macomb hereby responds, through counsel, to Plaintiff's Rule 56 Motion for Summary Judgment [Doc #16]. In support of its position, Defendant County of Macomb (hereinafter, the County) offers the following:

1.    On January 2, 2018, Plaintiff filed this civil action in the United States District Court for the Eastern District of Michigan.

2.    Plaintiff's complaint names the County of Macomb as the sole defending party and alleges that the County conspired with a host of non-parties to

deprive her of a variety of unidentified rights.

3. Plaintiff's complaint seeks "Declaratory Injunctive Relief" in the form of an order (a) dismissing currently pending state court actions and dissolving orders issued therein, (b) ordering a host of non-party individuals to cease conspiring with the County's interference with the County Clerk's Office, and (c) ordering a group of temporary employees back to work with back pay; Plaintiff further seeks money damages in the sum of $100,000.00.

4. Absent the identification of a federal constitutional or statutory right which has allegedly been abridged, Plaintiff's complaint fails as a matter of law to present a federal question invoking the Court's subject matter jurisdiction; as a consequence, the District Court may neither entertain Plaintiff's motion nor grant summary judgment in Plaintiff's favor.

5. Application of the *Rooker-Feldman* doctrine bars the United States District Court from exercising subject matter jurisdiction over Plaintiff's request to dissolve orders entered by the state court; as a consequence, the District Court may neither entertain Plaintiff's motion nor grant summary judgement in Plaintiff's favor.

6. 28 USC 2283 operates to deny the United States District Court subject matter jurisdiction over Plaintiff's request to dismiss pending state court proceedings against her; as a consequence, the District Court may neither entertain

Plaintiff's motion nor grant summary judgement in Plaintiff's favor.

7.  The intra-corporate conspiracy doctrine operates to bar Plaintiff's claims regarding the alleged existence of a conspiracy between the County and its non-party employees.

8.  The Court lacks personal jurisdiction over the non-party alleged conspirators.

Predicated upon the facts presented and the authority cited above, Defendant County of Macomb respectfully requests the court deny Plaintiff's Second Rule 56 motion seeking summary judgment, in its entirety, with prejudice, and with an award of costs and reasonable attorney fees as such are occasioned by the need to respond and appear for argument in conjunction with the instant motion.

> Respectfully submitted,
>
> /s/ John A. Schapka
> John A. Schapka (P-36731)
> Macomb County Corporation Counsel
> Attorney for County of Macomb
> One S. Main Street, 8th Floor
> Mt. Clemens, Michigan   48043
> (586) 469-6346
> john.schapka@macombgov.org

Dated: April 5, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Karen A. Spranger,**

    Plaintiff,

    **vs**

**County of Macomb,**

    Defendants.
_____/

Case No**.**   2:18-cv-10005
Hon. George Caram Steeh
Mag Judge David R. Grand

Karen A. Spranger, pro per
7520 Hudson
Warren, Michigan, 48091
(586) 322-2841
karenaspranger@gmail.com

John A. Schapka (P-36731)
Attorney for County of Macomb
Macomb County Corporation Counsel
One South Main Street, 8th Floor
Mount Clemens, Michigan  48043
(586) 469-6346
john.schapka@macombgov.org
_____/

**DEFENDANT COUNTY OF MACOMB'S BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT, DOCKET #16**

    This civil action arises from Plaintiff's disagreement with the manner in which several currently pending civil actions are progressing, or how they have been resolved, in Macomb County's 16th Circuit Court.  Plaintiff seeks an order which achieves a variety of relief including:

(1)  Dismissing the County's pending mandamus action in which Plaintiff is the defending party, 16th Circuit Court Case # 2017-004508-AW, and

dissolving the injunction issued in connection therewith, *Complaint*, Doc #1, Pg. ID 14, ¶ 52 A.;

(2) Dissolving a temporary restraining order and injunction entered in an unfair labor practice claim brought against Plaintiff by the American Federation of State County and Municipal Employees, 16th Circuit Court Case #2017-004056-CL, *Id*, ¶ 52 B;

(3) Dismissing the County's quo warranto counter-claim filed in conjunction with a civil action in which Plaintiff sues the County and the County Board of Commissioners, 16th Circuit Court Case # 2017-002261-CZ, *Id*, Pg. ID 14, ¶ 52 C.;

(4) Requiring a collection of non-parties who are not subject to the court's in personam jurisdiction to refrain from conspiring to interfere with the operation of County Clerk's Office; *Id*, Pg. ID 14, ¶ 52 D.; and

(5) Reinstating with back pay six temporary employees who were terminated after reaching the maximum time allowed for temporary service.

In all regards, Plaintiff seeks "Immediate consideration and Declaratory Injunctive Relief . . . at the Federal Court level." *Id*, Pg. ID 4. The District Court, however, lacks jurisdiction over Plaintiff's claims. Absent jurisdiction, the Court may neither entertain Plaintiff's motion nor grant relief in the form of summary judgment as Plaintiff requests.

## Table of Contents

I. Statement of Issues Presented ................................................................iv

II. Table of Authorities Cited ......................................................................v

III. Authorities and Argument .....................................................................1

    a. The FRCP 56 Predicate ...................................................................1

    b. Rule 56 Applied...............................................................................2

        (1) Requisite Predicate Showing That No Evidence Supports the County's Claims..................................................................3

        (2) Prematurity...............................................................................5

        (3) No Question of Fact ................................................................7

        (4) Intra-Corporate Conspiracy ....................................................8

IV. Conclusion ............................................................................................10

# I. Statement of Issues Presented

Federal authorities provide that a Rule 56 movant must make a predicate showing that no evidence supports the non-movant's position before the non-movant is obligated to demonstrate the existence of a genuine issue of material fact. Plaintiff here fails to make the requisite predicate showing. As a consequence, is the County obligated to demonstrate the existence of a material fact to defeat Plaintiff's Rule 56 motion?

Federal authorities hold that a Rule 56 motion is premature where the non-movant shows by affidavit the need for discovery. The County's need for discovery is detailed in an affidavit appended hereto. As a consequence, is relief under Rule 56 inappropriate?

Controlling authorities provide that the federal courts are without subject matter jurisdiction to enjoin or dismiss state court actions or dissolve state court orders. Where there is no genuine issue of material fact that the relief sought is beyond the United States District Court's subject matter jurisdiction, may the District Court entertain Plaintiff's motion or grant the relief she requests?

Controlling authorities bar Section 1983 conspiracy claims where the purported conspirators are a corporate entity and its employees or agents. Plaintiff here alleges the County conspired with a collection of its employees, none of whom are parties to this action. Are Plaintiff's conspiracy claims barred as a matter of law?

# II. Table of Authorities Cited
**Cases**

Authorities and Argument

*Abercrombie and Fitch Stores, Inc. v American Eagle Outfitters, Inc.*,
    280 F 3d 619 (6th Cir 2002) ........................................................................5, 6

*Amadasu v The Christ Hospital*, 514 F3d 504, 507 (6th Cir 2008)..........................8

*Anderson v Liberty Lobby, Inc.*, 477 US 242 (1986).............................................1, 3

*Audio Visual Equipment & Supplies, Inc v County of Wayne*, No 06-10904,
    2007 US Dist LEXIS 86941, 2007 WL 4180974, at *5
    (ED Mich Nov 27, 2007)...............................................................................9

*Celotex v Catrett*, 477 US 317 (1986) ...................................................................1, 3

*City of Canton v Harris,* 489 US 378 (1989).............................................................7

*Cunningham v Osram Sylvania, Inc.*, 221 Fed App'x 420 (6th Cir 2007)................6

*District of Columbia Court of Appeals v. Feldman*, 460 US 462 (1983)..................2

*Doherty v American Motors Corp*, 728 F2d 334, 339 (6th Cir 1984).......................8

*Estate of Smithers ex rel Norris v City of Flint*, 602 F3d 758,
    765 n 4 (6th Cir 2010) ....................................................................................8

*Frank v D'Ambrosi*, 4 F3d 1384 (6th Cir 1993).....................................................1, 3

*Green v Correctional Medical Services*,
    2009 US Dist LEXIS 25498 (ED Mich Cook, J.) ..........................................6

*Hull v Cuyahoga Valley Joint Vocational School District*, 926 F2d 505,
    509-10 (6th Cir 1991) ....................................................................................8

*Jaroslawicz v Seedman*, 528 F2d 727 (2d Cir 1975)..................................................1

*Lundy v City of Pontiac*, No. 12-CV-10965, 2013 U.S. Dist. LEXIS 137037,
    2013 WL 5372873, at *8 (ED Mich Sept 25, 2013) ......................................9

*Matsushita Electric Industrial Co., Ltd. v Zenith Radio Corp.*,
    475 US 574 (1986)..................................................................................1

*McBride v Village of Michiana*, No. 4:92-CV-155, 1998 US Dist
    LEXIS 6082, 1998 WL 276139, at *13 (WD Mich April 2, 1998) ................9

*Monell v New York Department of Social Services*, 436 US 685 (1978) .............3, 7

*Page v City of Monroe*, 24 F App'x 249, 252 (6th Cir 2001) ...................................8

*Pembauer v Cincinnati,* 475 US 469 (1986)..............................................................7

*Rooker v. Fidelity Trust Co,* 263 US 413 (1923).......................................................2

*Street v J.C. Bradford & Co.*, 886 F2d 1472 (6th Cir 1989) ................................1, 3

*United States v. An Article of Food Consisting of 345/50 lb Bags*,
    622 F2d 768 (5th Cir 1980) ..................................................................1

*Vance v United States*, 90 F3d 1145 (6th Cir 1996) ..................................................5

*Wallin v Norman*, 317 F3d 558 (6th Cir 2003).........................................................6

**Statutes**

28 USC 2283..........................................................................................................3, 7

42 USC 1983......................................................................................................3, 8, 9

42 USC 1985..............................................................................................................8

**Court Rules**

Fed R Civ P 12(b)(1)..............................................................................................2, 7

Fed R Civ P 12(b)(6)..........................................................................................2, 3, 7

Fed R Civ P 56......................................................................................................1, 6

Fed R Civ P 56(d) .................................................................................................5, 6

## IV. Authorities and Argument
### a. The FRCP 56 Predicate

In accordance with Fed R Civ P 56, any party may move for summary judgment on the ground that the evidence presents no genuine issue of fact, and, that as a consequence, judgment is proper as a matter of law. In deciding a FRCP 56 motion, the court must concern itself solely with the existence of genuine issues of material fact. *Jaroslawicz v Seedman*, 528 F2d 727 (2d Cir 1975). Where the record taken as a whole could not lead a rational trier of fact to find for the opposing party, there is no genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v Zenith Radio Corp.,* 475 US 574 (1986).

The moving party must support an Rule 56 motion by making a predicate showing that there is no evidence to support the non-moving party's claims; the burden thereafter shifts to the non-moving party who must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Celotex v Catrett*, 477 US 317 (1986), *Frank v D'Ambrosi*, 4 F3d 1384 (6th Cir 1993); *Street v J.C. Bradford & Co.*, 886 F2d 1472 (6th Cir 1989); *Anderson v Liberty Lobby, Inc.*, 477 US 242 (1986).

All reasonable doubts regarding the existence of a genuine issue of material fact must be viewed in the light most favorable to the non-moving party. *United States v. An Article of Food Consisting of 345/50 lb Bags*, 622 F2d 768 (5th Cir 1980).

### b. Rule 56 Applied

The instant motion reads as an unfocused monologue detailing Plaintiff's misperceptions of persecution at the hands of a collection of non-party County employees and private individuals all whom have allegedly shown her disrespect and treated her poorly. Neither disrespect nor poor treatment, however, embrace actionable claims under the Constitution or the Statutes of the United States such that Plaintiff presents a federal question invoking the Court's subject matter jurisdiction.

The County of Macomb is the sole defending party in the instant matter. The County responded to Plaintiff's Complaint by filing a Fed R Civ P 12(b)(1) and (6) motion to dismiss predicated solely on issues of law. The County's position therein is predicated entirely upon issues of law, not issues of fact. It is difficult therefore to conceptualize the utility of a Rule 56 motion which addresses the presence or absence a genuine issue of material fact when only issues of law are at play. Nonetheless, that is the path Plaintiff has for the second time chosen to take here.

The County's position is simple: (1), the District Court lacks subject matter jurisdiction to dissolve state court orders or dismiss state court actions as Plaintiff requests. See, *Rooker v. Fidelity Trust Co*, 263 US 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 US 462 (1983); the Anti-Injunction

Act of 1932, 28 USC 2283; (2), Plaintiff's failure to identify with specificity any federal constitutional or statutory right allegedly violated constitutes an overarching failure to present a justiciable federal question as to any of her claims including seeking money damages.  See, 42 USC 1983; *Monell v New York Department of Social Services*, 436 US 685 (1978).[1]  Plaintiff must first satisfy the legal issues concerning the Court's subject matter jurisdiction before the existence or non-existence of fact questions may be addressed; and (3), in any event, Plaintiff's conspiracy based allegations fail to state a claim upon which relief may be granted.  See, Fed R Civ P 12(b)(6).

### (1) Requisite Predicate Showing That No Evidence Supports the County's Claims

As a matter of law, it is incumbent upon Plaintiff to support her Rule 56 summary judgment motion with an initial showing that there is no evidence to support the County's claims.  *Celotex v Catrett*, supra; *Frank v D'Ambrosi*, supra, *Street v J.C. Bradford & Co.*, supra, *Anderson v Liberty Lobby, Inc.*, supra.

In a misguided attempt to satisfy this requirement, Plaintiff offers no less than 19-pages of petty grievances none of which touch upon the County, the sole Defendant herein.  These are loosely collected under headings reflecting:

> *County of Macomb Actor Karen Bathanti Interference*.
> Doc #11, Pg. ID 89.

---

[1] The fatal failure to present a federal question is not surprising as neither the Constitution of the United States nor the United States Code confer upon a county clerk any rights by virtue of his or her office.

3

> *County of Macomb Chief Judge Biernat Interference Refuses to Approve Spranger's Choice of Deputy Chief Clerk. Id*, Pg. ID 92.
>
> *Deputy County Executive Mark Deldin Interference Illegally Turns Off Spranger's* (sic) *Access to Records Files Suit to Move to Different Buildings. Id*, Pg. ID 94-95.
>
> *Spranger Seeks Accountability and Transparency in Her Offices. Id*, Pg. ID 99.
>
> *Spranger Demands to be Reinstated as Clerk of the Board of Commissioner* (sic) *Per State Statute. Id*, Pg. ID 101.
>
> *Democrat Party Labor Organizations Control Macomb County. Id*, Pg. ID 103.

Whether individually or collectively, the grievances gathered under each heading are appropriately addressed by application of the hyper-technical defense of *so what?*[2] Even if Plaintiff proves all of the alleged outrages to be true, *so what*, they fail to present a cognizable claim for relief under the federal constitution or statutes. First, because no allegation implicates the County in any manner of unlawful conduct; second, because the allegations fail to demonstrate the existence of a federal question or other basis upon which the District Court may exercise subject matter jurisdiction; and third, because the intra-corporate conspiracy doctrine bars Plaintiff's claims that the County conspired with its employees to do

---

[2] *So what* lies at the heart of every Rule 12(b)(6) motion and every other assertion centering on an opposing party's failure to state a claim upon which relief may be granted.

her harm.

As a consequence, Plaintiff abjectly fails to meet her initial Rule 56 burden by showing there is no evidence supporting the County's position. Having failed to make such showing, the burden does not shift to the County to then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial.

### (2) Prematurity

Summary judgment under Rule 56 is improper if the non-movant is not afforded a sufficient opportunity for discovery. The non-movant, however, bears the obligation to inform the district court of his or her need for discovery. Thus, before a summary judgment motion is decided, the non-movant must file an affidavit pursuant to FRCP 56(d) which details the discovery needed, or file a motion for additional discovery. *Abercrombie and Fitch Stores, Inc v American Eagle Outfitters, Inc*, 280 F 3d 619, 627 (6th Cir 2002); *Vance v United States*, 90 F3d 1145 (6th Cir 1996).

Where a non-movant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may (1) defer consideration or deny the motion, (2) allow time to obtain affidavits or declarations or take discovery, or (3) issue any other appropriate relief. The text of the rule clearly requires the opposing party to affirmatively show by affidavit or declaration why discovery is needed. *Green v Correctional Medical Services*, 2009

US Dist LEXIS 25498 (ED Mich Cook, J.); see also, *Abercrombie and Fitch*, at 627.

It is well settled that where the opposing party does not file an affidavit pursuant to FRCP 56(d), or fails to file a formal request for discovery, the court need not extend discovery and may elect to consider the merits of a motion for summary judgment. *Wallin v Norman*, 317 F3d 558, 564 (6th Cir 2003). In the absence of an affidavit or declaration, there is no justification for a district court to determine summary judgment to be premature until the formal conclusion of discovery. *Cunningham v Osram Sylvania, Inc.*, 221 Fed App'x 420, 423 (6th Cir 2007). Entry of summary judgment is appropriate where the opposing party fails to comply with the substantive requirements of Fed. R. Civ. P 56(d) by attaching to his or her response an affidavit detailing the specific type of discovery that is needed in order to respond to the motion.

Where the non-movant supports his or her position with an affidavit detailing the specific type of discovery needed to respond to a FRCP 56 motion, summary judgment is not appropriate.

The County provides its affidavit in this regard, attached here as **Exhibit 1**.

### (3) No Question of Fact

In the most literal sense possible, no genuine issue of material fact exists in this case. This, however, does not favor Plaintiff since both Plaintiff's Complaint

and the instant motion fail to present any particularized factual allegations implicating the County in any manner of unlawful conduct recognized by currently controlling legal authorities.[3] Accordingly, there is a complete vacuum of fact issues pertaining to the County.

This is so because neither Plaintiff's Complaint nor the instant motion present a fact question (a) implicating the County in any manner of unlawful conduct, (b) identifying the violation of any federal constitutional right or statutory right inuring to her by virtue of her County office so as to present a justiciable federal question, or (c) implicating any exception to the *Rooker-Feldman* Doctrine or the Anti-Injunction Act, 28 USC 2283. *See*, Defendant County's Rule 12(b)(1) and (6) Motion to Dismiss, Doc #4, Pg. ID 27-49, (addressing Plaintiff's request for declaratory injunctive relief in the form of an order (1) dismissing the County's now pending state court mandamus action and injunction granted therein, (2) dissolving a temporary restraining order and preliminary injunction obtained by a non-party labor union, (3) dismissing a quo warranto counter claim brought in a pending state court civil action, (4) requiring seven non-parties to stop interfering

---

3 See, e.g., *Monell v Department of Social Services*, 436 US 685 (1978); *Pembauer v Cincinnati*, 475 US 469 (1986)*; City of Canton v Harris*, 489 US 378 (1989).

the County Clerk's Office; and finally, (5) reinstating several temporary employees with back pay).[4]

### (4) Intra-Corporate Conspiracy

Further, the intra-corporate conspiracy doctrine operates to deprive Plaintiff of a fact-based conspiracy claim as a matter of law *Amadasu v The Christ Hospital*, 514 F3d 504, 507 (6th Cir 2008); *Page v City of Monroe*, 24 F App'x 249, 252 (6th Cir 2001); *Hull v Cuyahoga Valley Joint Vocational School Distist*, 926 F2d 505, 509-10 (6th Cir 1991). The intra-corporate conspiracy doctrine provides that where "'all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy.'" *Amadasu*, 514 F3d at 507 (quoting *Hull*, 926 F2d at 510).

A conspiracy claim under § 1983, like a conspiracy claim under § 1985, requires an agreement between two parties. "It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Estate of Smithers ex rel Norris v City of Flint*, 602 F3d 758, 765 n 4 (6th Cir 2010)(quoting *Hull*, 926 F2d at 509-10); *see also Doherty v American Motors Corp*, 728 F2d 334, 339 (6th Cir 1984) (noting that the intra-corporate conspiracy doctrine has been

---

4 Incorporated by reference as though fully restated herein.

"consistently applied in allegations of conspiracy under the Civil Rights Act."). This Court concludes, as have a majority of courts within this circuit, that the intra-corporate conspiracy doctrine applies to claims under § 1983. *See, eg*, *Lundy v City of Pontiac*, No. 12-CV-10965, 2013 U.S. Dist. LEXIS 137037, 2013 WL 5372873, at *8 (ED Mich Sept 25, 2013) (holding that the intra-corporate conspiracy doctrine barred a § 1983 conspiracy claim against the city); *Audio Visual Equipment & Supplies, Inc v County of Wayne*, No 06-10904, 2007 US Dist LEXIS 86941, 2007 WL 4180974, at *5 (ED Mich Nov 27, 2007) (rejecting argument that intra-corporate conspiracy doctrine did not apply to § 1983 actions); *McBride v Village of Michiana*, No. 4:92-CV-155, 1998 US Dist LEXIS 6082, 1998 WL 276139, at *13 (WD Mich April 2, 1998) (Quist, J) (holding that the intra-corporate conspiracy doctrine required dismissal of § 1983 conspiracy claim).

Because her conspiracy claim is premised on an allegedly unlawful agreement between County employees and the County itself, Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine. Absent a viable claim recognized by law, Plaintiff cannot demonstrate that all known evidence points to a single factual conclusion justifying entry of judgment in her favor.

## IV. Conclusion

Predicated upon the facts presented and the authority cited, Defendant County of Macomb hereby respectfully requests the court deny Plaintiff's Second Rule 56 motion in its entirety, with prejudice, and with an award of costs and reasonable attorney fees as such are occasioned by the need to research, draft, and appear to argue the County's response.

                Respectfully submitted,

                /s/ *John A. Schapka*
                John A. Schapka (P-36731)
                Macomb County Corporation Counsel
                Attorney for County of Macomb
                One S. Main Street, 8th Floor
                Mt. Clemens, MI 48043
                (586) 469-6346
Dated: April 5, 2018      john.schapka@macombgov.org

I hereby certify that on April 5, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF filing system which will forward notification of such filing to the following: all counsel of record; I further certify that I have caused the paper to be sent by United States Postal Service mail to the following non-ECF participant:

Karen A. Spranger
7520 Hudson
Warren, Michigan, 48091

                /s/ *John A. Schapka*
                John A. Schapka (P-36731)
                Macomb County Corporation Counsel
                Attorney for County of Macomb