UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN A. SPRANGER,

    Plaintiff,

vs.

Case No. 18-cv-10005
HON. GEORGE CARAM STEEH

COUNTY OF MACOMB,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS (DOC. 4)

Plaintiff Karen Spranger alleges that defendant Macomb County is conspiring against her to impede her ability to perform her role as Macomb County Clerk. Count I alleges a conspiracy to interfere with Spranger's civil rights under 42 U.S.C. § 1985(3). Count II, brought pursuant to 42 U.S.C. § 1983, alleges a violation of Spranger's rights under the Equal Protection Clause of the Fourteenth Amendment. This matter is presently before the Court on Macomb County's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 4). Oral argument was held on February 27, 2018. For the reasons stated below, defendant Macomb County's motion is GRANTED.

## I. Background

Spranger, a Republican, was elected in November 2016. She was sworn in as Macomb County Clerk and Register of Deeds on January 1, 2017. Spranger's controversial tenure included numerous scandals, employee grievances, and decreased efficiency in the day to day performance of the Macomb County Clerk's office. These events led both parties to file lawsuits in Macomb County Circuit Court. All Macomb County Circuit Judges recused themselves from these civil actions, which were thereafter assigned to St. Clair County Judge Daniel Kelly. Judge Kelly issued multiple orders in three lawsuits involving Spranger. This lawsuit arises out of Spranger's disagreement with Judge Kelly's orders. Spranger requests that the Court void Judge Kelly's orders and dissolve the cases against her. She asks this Court to enter the following orders:

> A. An Order of the Court to dissolve the mandamus action and injunctive relief filed by the SIXTEENTH CIRCUIT COURT, COUNTY TREASURER, and COUNTY SHERIFF as Ordered in Case number 2017-004508-AW;
>
> B. An Order of the Court to dissolve the temporary restraining order and preliminary injunction filed by CANGEMI's labor organization AFSCME 411;
>
> C. An Order of the Court to dissolve the quo warranto counter claim in Case number 2017-002261-CZ and then to allow the original case filed by SPRANGER to be heard by the Court;

> D. An Order of the Court to require SCHAPKA, DELDIN, BATHANTI, CANGEMI, BIERNAT, COOK, and COLTHORP to cease and desist in their civil conspiracy of interference with the Offices of Clerk / Register of Deeds;
>
> E. An Order of the Court for **all employees terminated by the mandamus order of the Circuit Court** to be reinstated to their employment position – including any back pay lost due to the civil conspiracy;
>
> F. A Protective Order to allow SPRANGER to seek addition[al] redress with the Court if any of the County actors of MACOMB COUNTY interfere with the Order of the Court; and
>
> G. An Order of the Court granting such other relief Plaintiff is found to be entitled to.

(Doc. 1 at PageID 14-15) (emphasis in original). Macomb County filed a motion to dismiss on January 8, 2018. (Doc. 4). Spranger filed a response, (Doc. 7), to which Macomb County replied, (Doc. 8). Oral argument was scheduled for February 27, 2018. (Doc. 6). On February 27, 2018, three hours before oral argument, Spranger filed a motion for summary judgment. (Doc. 11). The Court set a briefing schedule and informed the parties that it would read these briefs before ruling on Macomb County's motion to dismiss. Macomb County filed a response. (Doc. 13). On April 3, 2018, Spranger filed a document that appears to be a reply. (Doc. 16). On March 27, 2018, while the Court was waiting for Spranger's reply brief, Judge Kelly ruled that Spranger did not reside at the Warren address she

listed on her application to run for Macomb County clerk. Based upon his finding that Spranger made a false claim of residency, Judge Kelly concluded that Spranger was not eligible to hold office and ordered her removal.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(1)

"A Rule 12(b)(1) motion addresses whether the Court has authority or competence to hear a case." *Gilbert v. Ferry*, 298 F. Supp. 2d 606, 611 (E.D. Mich. 2003). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the non-moving party." *Id.* (emphasis in original). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations" and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (emphasis in original).

**B. Federal Rule of Civil Procedure 12(b)(6)**

A court confronted with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). "[N]aked assertions devoid of further factual enhancement" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain "detailed" factual allegations, but its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

### III. Analysis

**A. Rooker-Feldman Doctrine**

Macomb County asserts that the Court lacks subject matter jurisdiction in this case because Spranger's claims are barred by the *Rooker-Feldman* doctrine. Macomb County's argument focuses on

Spranger's requested relief, seeking an order from this Court dissolving pending state court cases and multiple orders filed in those cases.

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the plaintiff filed suit in federal district court requesting that a state trial court judgment, which was affirmed by the state supreme court, be declared null and void. *Id.* at 414. The plaintiff alleged that the state court judgment violated the Contract Clause and the Fourteenth Amendment's Due Process and Equal Protection Clauses. *Id.* at 414-15. The Supreme Court affirmed the district court's order dismissing the complaint for lack of subject matter jurisdiction. *Id.* at 415-16. The Court "found that the plaintiff's complaint was in fact requesting the district court to exercise appellate review of the state court's judgment." *McCormick v. Braverman*, 451 F.3d 382, 389 (6th Cir. 2006) (citing *Rooker*, 263 U.S. at 415-16). "The Court noted that the district court's jurisdiction was strictly original, and that only the Supreme Court could exercise appellate jurisdiction over state court decisions." *Id.* (citing *Rooker*, 263 U.S. at 416).

The Supreme Court "reiterated the holding that a [federal] district court could not exercise appellate review of a state court decision" in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *McCormick*, 451 at 389. Following *Feldman*, lower courts interpreted the

doctrine in ways that extended it far beyond the contours of *Rooker* and *Feldman*. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The Supreme Court explained that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

In applying *Exxon*, the Sixth Circuit analyzed how courts should "differentiate between a claim that attacks a state court judgment, which is within the scope of the *Rooker-Feldman* doctrine, and an independent claim, over which a district court may assert jurisdiction." *McCormick*, 451 F.3d at 393. The court concluded that the proper inquiry "is the source of the injury the plaintiff alleges in the federal complaint." *Id.* "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* "A court cannot determine the source of the injury 'without reference to [the plaintiff's] request for relief.'" *Berry v.*

*Schmitt*, 688 F.3d 290, 300 (6th Cir. 2012) (quoting *Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2011)).

The Court cannot conclude that all of Spranger's injuries are caused solely by state court decisions. Two paragraphs of Spranger's complaint certainly support a finding that she is seeking to overturn state court rulings. She pleads that:

> 34) The 16th Circuit Court, County Treasurer, and County Sheriff filed a writ of mandamus in order to restore four union employees back to their jobs. This action essentially strips SPRANGER of any hiring authority, discipline, or termination of employees.
> . . .
> 36) The collective legal actions by MACOMB COUNTY and the county actors have eroded the Management Rights of SPRANGER. The court orders are a concentrated effort by MACOMB COUNTY to systematically take over her Offices.

(Doc. 1 at PageID 11). Similarly, Spranger's request for relief illustrates an attempt to have the state decisions overturned. *Cf. Berry*, 688 F.3d at 300. She seeks relief from these decisions, asking for

> A. An Order of the Court to dissolve the mandamus action and injunctive relief filed by the SIXTEENTH CIRCUIT COURT, COUNTY TREASURER, and COUNTY SHERIFF as Ordered in Case number 2017-004508-AW;
>
> B. An Order of the Court to dissolve the temporary restraining order and preliminary injunction filed by CANGEMI's labor organization AFSCME 411;

- 8 -

> C. An Order of the Court to dissolve the quo warranto counter claim in Case number 2017-002261-CZ and then to allow the original case filed by SPRANGER to be heard by the Court;
>
> D. An Order of the Court to require SCHAPKA, DELDIN, BATHANTI, CANGEMI, BIERNAT, COOK, and COLTHORP to cease and desist in their civil conspiracy of interference with the Offices of Clerk / Register of Deeds;
>
> E. An Order of the Court for **all employees terminated by the mandamus order of the Circuit Court** to be reinstated to their employment position – including any back pay lost due to the civil conspiracy;
>
> F. A Protective Order to allow SPRANGER to seek addition[al] redress with the Court if any of the County actors of MACOMB COUNTY interfere with the Order of the Court; and
>
> G. An Order of the Court granting such other relief Plaintiff is found to be entitled to.

(Doc. 1 at PageID 14-15) (emphasis in original). *See also* (Doc. 1 at PageID 16-17). Spranger reiterates this request in her Motion for Summary Judgment. (Doc. 11 at PageID 88-89). These aspects of Spranger's complaint suggest that her claims fall within the purview of *Rooker-Feldman*, but other allegations are less clear. For example, Spranger's allegation that Macomb County "hindered [her] ability to appoint and hire budgeted employees" may be a consequence of the state orders or, instead, may be founded on some independent interference from the

alleged Macomb County actors. The Court cannot determine whether Judge Kelly's orders[1] are the object of Spranger's complaint based on the record presently before it. Defendant Macomb County did not submit the state court records in support of its claims here. As such, the Court cannot say whether Spranger's additional allegations were previously presented to the state court; such that their appearance here merely constitutes a misguided attempt to appeal a state court order, as precluded by *Rooker-Feldman*, or represent independent claims based on injuries from another source.

Although the record may be insufficient to dismiss Spranger's complaint for lack of subject matter jurisdiction, Spranger nevertheless fails to state a claim upon which relief can be granted as required by Federal Rule of Civil Procedure 12(b)(6). Count I asserts a claim of conspiracy under 42 U.S.C. § 1985(3).

> To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property

---

[1] The Court refers solely to the orders Judge Kelly issued "before the district court proceedings commenced . . . ." *See Exxon*, 544 U.S. at 284.

> or deprived of any right or privilege of a citizen of
> the United States."

*Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983)). The second element requires a plaintiff to "prove that the conspiracy was motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (quoting *Scott*, 463 U.S. at 829). "A class protected by section 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Haverstick*, 32 F.3d at 994 (citing *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992)). Spranger's complaint does not allege any race-based, ethnic-animated, or gender-motivated animus by Macomb County. As such, she has failed to state a claim for conspiracy under § 1985(3).

Count II pleads a violation of Spranger's civil rights pursuant to 42 U.S.C. § 1983. *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) holds that municipalities like defendant Macomb County "may be held liable for the constitutional violations of their employees only where the municipality's policy or custom led to the violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing *Monell*, 436 U.S. at 694-

95). A plaintiff attempting to demonstrate an illegal policy or custom must show "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Spranger does not plead that Macomb County maintained a policy or custom that caused her injury. Federal Rule of Civil Procedure 8 requires a plaintiff's pleading to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 544 (internal quotation marks and alterations omitted). Spranger's complaint, which merely contains "nebulous assertions of wrongdoing" and "fails to claim that [her] rights were violated by a policy or custom" of Macomb County "cannot be said to give [Macomb County] fair notice of this claim." *Robertson*, 753 F.3d at 623. This "deficiency is manifest from the face of [Spranger's] complaint. . . ." *Id.* As such, she has failed to state a claim upon which relief can be granted.

## IV. Conclusion

For the reasons stated above, Macomb County's motion to dismiss is GRANTED. Counts I and II shall be dismissed. As such, Spranger's Motion for Summary Judgment, (Doc. 11), is moot.

IT IS SO ORDERED.

Dated: May 2, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 2, 2018, by electronic and/or ordinary mail and also on Karen A. Spranger, 7520 Hudson, Warren, MI 48091.

s/Barbara Radke
Deputy Clerk